## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Damen Peter Aguila*
Case No. 3:23-cr-00070-TMB-KFR-1

By:                THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:      ORDER FROM CHAMBERS

The matter comes before the Court on an evidentiary issue in *United States of America v. Damen Peter Aguila*. The parties dispute whether to apply a four-point enhancement to Aguila's offense level under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony. The Government argues the four-point enhancement applies because Aguila possessed a firearm in connection with the crime of felony fear assault under AS 11.41.220(a)(1)(A) by placing witnesses "in fear of imminent serious physical injury by means of a dangerous instrument."[1] Aguila suggests the enhancement does not apply because he used the firearm for self-defense and did not place the witnesses in fear, and because the State charged and ultimately dismissed his conduct as state misdemeanor crimes, not felony fear assault.[2] The United States Probation and Pretrial Services ("USPO") recommends the enhancement does not apply.[3] On July 18, 2024, the Court held a combined evidentiary-sentencing hearing and, consistent with its oral order, hereby **DENIES** applying the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

### A. Background

On December 5, 2023, Aguila pleaded guilty to Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).[4] In the underlying offense, on March 28, 2022, Aguila possessed a firearm in the presence of other individuals, fled the scene, and then threw the firearm, a magazine, and a phone into the snow.[5] The firearm was not manufactured in Alaska and had previously traveled in and affected interstate or foreign commerce.[6] Aguila was arrested on September 20, 2023 and was found in possession of another firearm at that time.[7]

---

[1] Dkt. 45 (Government Sentencing Memorandum) at 3 (citing AS 11.41.220(a)(1)(A)).
[2] Dkt. 37 (Sealed Presentence Report) at 41–42; Dkt. 43 (Defense Sentencing Memorandum) at 1–4.
[3] *Id.* at 11.
[4] Dkt. 24 (Minute Entry); Dkt. 482 (Plea Agreement).
[5] Dkt. 23 (Notice of Filing Proposed Factual Basis for Open Plea) at 1.
[6] *Id.* at 1–2.
[7] *Id.* at 2.

On April 30, 2024, Aguila moved for an evidentiary hearing on whether the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) applies.[8] The parties submitted video evidence and transcripts of witness accounts of the offense conduct.[9]

The Government argues the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) applies because "Aguila possessed the firearm in connection with another felony, specifically felony fear assault under AS 11.41.220(a)(1)(A)."[10] Citing Alaska case law and the video evidence, the Government suggests that Aguila's conduct constituted a felony fear assault because he placed witnesses "in fear of imminent serious physical injury by means of a dangerous instrument."[11] It argues that U.S.S.G. § 2K2.1(b)(6) defines "another felony offense" broadly to encompass conduct that is not necessarily charged.[12] Additionally, the Government contests that self-defense does not justify use of a firearm under Alaska law.[13] Therefore, the Government "asks the Court to find by a preponderance of the evidence that the four-level enhancement applies."[14]

Aguila argues the four-point enhancement does not apply because the State charged this conduct as misdemeanor assault, not felony assault, and regardless the charges were otherwise dismissed.[15] Moreover, he asserts that his conduct could not constitute a felony fear assault under state law because he never pointed the firearm at anyone and only used it in self-defense, he was not the primary aggressor, and he did not put the witnesses in fear.[16]

USPO recommends that the four-point enhancement does not apply.[17] It reasons that because the assaults alleged in the underlying state case, now dismissed, were charged as misdemeanor assaults, Aguila did not possess the firearm in connection with another felony.[18] Therefore, the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) does not apply.[19]

The Court held an evidentiary hearing on July 18, 2024, and orally ruled that the Government failed to establish that the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) applies, indicating that this written order would follow.[20]

---

[8] Dkt. 39 (Motion for Evidentiary Hearing).
[9] Dkt. 47 (Notice of Filing Conventional Materials); Dkt. 48 (Notice of Conventional Filing); Dkt. 60 (Notice of Filing Redacted Transcripts).
[10] Dkt. 45 (Government Memorandum) at 2.
[11] *Id.* at 3 (quoting AS 11.41.220(a)(1)(A)).
[12] *Id.*
[13] *Id.* at 4.
[14] *Id.* at 5.
[15] Dkt. 43 at 1–4; Dkt. 37 (Sealed Presentence Report) at 41–42.
[16] Dkt. 43 at 1–4.
[17] *See* Dkt. 37.
[18] *Id.*
[19] *Id.*
[20] Dkt. 63 (Minute Entry).

### B. Legal Standard

1. <u>Burden of Proof</u>

"The burden of proof for a factual finding underlying a sentencing enhancement depends on the magnitude of the finding's effect on the sentencing range."[21] "Generally, a preponderance of the evidence standard applies, but the Government must meet a higher standard—proof by 'clear and convincing evidence'—in cases where there is 'an extremely disproportionate impact on the sentence.'"[22]

In *United States v. Valle*,[23] the Ninth Circuit listed six factors for courts to consider in determining the burden of proof for enhancements:

> (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged in the indictment;
>
> (2) whether the enhanced sentence negates the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment;
>
> (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment;
>
> (4) whether the increase in sentence is based on the extent of a conspiracy;
>
> (5) whether the increase in the number of offense levels is less than or equal to four; and
>
> (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence.[24]

However, courts tend to "focus[] entirely on how enhancements increase[] both the offense level and the length of the recommended Guidelines range" and "[m]ore recent cases have . . . relied on only the[] last two factors."[25]

2. <u>Application of U.S.S.G. § 2K1.2(b)(6)(B)</u>

Under U.S.S.G. § 2K1.2(b)(6)(B), "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in

---

[21] *United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019).
[22] *Id.*
[23] 940 F.3d 473 (9th Cir. 2019).
[24] *Id.* at 479.
[25] *Id.*

connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18." Application note 14(c) defines "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."

Under AS 11.41.220(a)(1)(A), "a person commits the crime of assault in the third degree if that person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument."

### C. Discussion

The Court concludes that the Government has not met its burden to establish that the four-point enhancement for possessing a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B) applies.

First, the Court considers which standard of proof applies to factual findings underlying the four-point enhancement. The Government asserts that a preponderance of the evidence applies, but the Ninth Circuit guidance is less conclusive. In *Valle*, the Ninth Circuit found that an 11-level enhancement and a sentencing range that changed from 1–7 months to 37–46 months as a result of an enhancement warranted applying a heightened clear and convincing standard.[26] The court noted that "[b]ecause the application of these enhancements raised Valle's offense level by significantly more than 4 and far more than doubled his sentencing range," the Government was required to establish the factual findings underlying the enhancement by clear and convincing evidence.[27]

As the *Valle* court observed, the Ninth Circuit has also found that a 7-level enhancement with an increased guideline range from 24–30 months to 63–78 months and a 9-level enhancement with an increased guideline range from 70–87 months to 151–188 months warranted a clear and convincing standard.[28]

Further, in *United States v. Morales*,[29] the Ninth Circuit found that a 6-level enhancement resulting in an increased guideline range from 27–33 months to 51–63 months warranted a preponderance of the evidence standard.[30] Although the fifth *Valle* factor favored a higher standard of proof and the sixth factor favored a lower standard, the Ninth Circuit explained that "absent exceptional circumstances, [it is] reluctant to apply the clear and convincing standard based solely on the fifth . . . factor."[31] The Ninth Circuit has found exceptional circumstances where the enhancement significantly increases the defendant's offense level and sentencing range or "where there are

---

[26] *Id.* at 480.
[27] *Id.*
[28] *See id.* (citing *United States v. Hopper*, 177 F.3d 824 (9th Cir. 1999); *United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001)).
[29] 807 F. App'x 654 (9th Cir. 2020).
[30] *Id.* at 657.
[31] *Id.*

[higher] enhancements for 'an offense for which [the defendant] was never even charged.'"[32] In *Morales*, finding no such circumstances, the court applied a preponderance of the evidence standard based on the "totality of the circumstances."[33]

Here, with the four-point enhancement, Aguila's total offense level would increase from 12 to 18, and his sentencing range would increase from 15–21 months to 33–41 months accordingly. The increase in the total offense level is greater than four, so the fifth *Valle* factor favors applying a clear and convincing standard. However, the sixth factor slightly favors applying a preponderance of the evidence standard because the enhancement would double, but not "far more than double," his sentencing range. Under *Morales*, absent exceptional circumstances and based on a totality of the circumstances, the fifth factor is not determinative, and a preponderance of the evidence standard may apply.

However, the Government suggests Aguila's enhancement is based on an offense that was not charged. Although he was charged with state misdemeanor assaults, which were ultimately dismissed, the enhancement is based on conduct constituting a state *felony* offense. Therefore, under *United States v. Felix*,[34] the 6-level enhancement could constitute exceptional circumstances warranting a clear and convincing standard because it is based on "an offense for which [Aguila] was never even charged."[35]

Regardless, the Court need not decide whether a preponderance of the evidence or a clear and convincing standard applies because under either standard, the Government has not met its burden to establish that Aguila possessed a firearm in connection with another felony under U.S.S.G. § 2K1.2(b)(6)(B).

The Government suggests that the enhancement should apply because Aguila possessed the firearm in connection with another felony, specifically felony fear assault under AS 11.41.220(a)(1)(A). However, the video evidence and witness testimony fail to demonstrate that the witnesses were placed "in fear of imminent serious physical injury" by Aguila's actions with the firearm. Moreover, the Court notes that although Aguila possessed a firearm and ammunition during an assault on the three individuals in this case, these assaults were charged as state misdemeanors and were ultimately dismissed, while the enhancement under U.S.S.G. § 2K1.2(b)(6)(B) requires that the firearm be possessed in connection with a felony offense. Therefore, the Court concludes that the Government has not met its burden to establish that the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) applies, and declines to apply the enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 18, 2024.

---

[32] *United States v. Felix*, 561 F.3d 1036, 1047 (9th Cir. 2009).
[33] *Morales*, 807 F. App'x at 657.
[34] 561 F.3d 1036 (9th Cir. 2009).
[35] *Id.* at 1047.